1  HARVEY SISKIND LLP
   D. PETER HARVEY (SBN 55712)
2  SETH I. APPEL (SBN 233421)
   Four Embarcadero Center, 39th Floor
3  San Francisco, California 94111
4  Telephone: (415) 354-0100
   Facsimile: (415) 391-7124
5  pharvey@harveysiskind.com
   sappel@harveysiskind.com
6
7  Attorneys for Plaintiff,
   DWELL, LLC
8
                IN THE UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION

11 | DWELL, LLC, a Delaware limited liability | Case No. C 07 2330
12 | company,                                 |
                                              | COMPLAINT FOR
13 |              Plaintiff,                  | TRADEMARK INFRINGEMENT,
                                              | FALSE DESIGNATION OF ORIGIN,
14 | v.                                       | AND UNFAIR COMPETITION
15 | DESIGN SPACE, LLC, a New York limited    | DEMAND FOR JURY TRIAL
   | liability company, DWELL HOME            |
16 | FURNISHINGS, LLC, a New York limited     |
   | liability company, and DOES 1-25,        |
17 |                                          |
18 |                                          |
   |              Defendants.                 |
19

20      Plaintiff Dwell, LLC ("Dwell"), for its Complaint against Defendants Design Space, LLC
21 ("Design Space"), Dwell Home Furnishings, LLC ("DHF"), and Does 1-25, alleges as follows:
22      This action arises from Defendants' use in commerce of a trademark, DWELL, which is
23 identical to Dwell's trademark. The parties' goods and services are substantially related. Under these
24 circumstances, consumer confusion is inevitable. Indeed, Dwell has already encountered <u>dozens</u> of
25 instances of actual consumer confusion, thereby mandating the relief it requests in this action.
26
27
28                                    -1-

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 USC §§1331, 1338 because this action arises under the Lanham Act, 15 USC §1051, *et seq*. The Court has supplemental jurisdiction over Dwell's state law claim under 28 USC §1367.

## VENUE

2. Venue is proper under 28 USC §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

3. This division is proper because this action arises in San Francisco County, California. A substantial part of the events or omissions giving rise to this action occurred in San Francisco County.

## THE PARTIES

4. Dwell is a Delaware limited liability company with its principal place of business in San Francisco, California.

5. Upon information and belief, Design Space is a New York limited liability company with its principal place of business in New York, New York.

6. Upon information and belief, DHF is a New York limited liability company with its principal place of business in New York, New York.

7. Dwell is presently ignorant of the true names and capacities of Defendants sued herein as Does 1-25 and therefore sues these Defendants by such fictitious names. Dwell will amend its Complaint to allege these Defendants' true names and capacities when ascertained.

8. At all times herein mentioned, each Defendant was the agent, employee, partner, joint venturer, aider and abettor, alter ego, and co-conspirator of or with each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each Defendant directed, ratified and approved the acts of the remaining Defendants.

# FACTS

9. Dwell offers various products and services under the trademark DWELL. It is best known for its print and online magazines under this trademark. These DWELL magazines, which Dwell has published for several years, are devoted to home design and home furnishings. Dwell's print magazine is distributed nationwide. Its current circulation is approximately 300,000 copies per issue.

10. On October 8, 1999, Lara Hedberg Deam, Dwell's founder and publisher, filed an application (App. No. 75800343) with the United States Patent and Trademark Office ("USPTO") to register the trademark DWELL in connection with "magazines in the field of modern home design" and "providing on-line magazine in the field of modern home design."

11. On May 15, 2001, App. No. 75800343 matured into a registration (Reg. No. 2452089). Ms. Hedberg Deam has since assigned her rights to this registration to Dwell. Accordingly, Dwell owns exclusive rights dating back to October 8, 1999, for the trademark DWELL in connection with "magazines in the field of modern home design" and "providing an on-line magazine in the field of modern home design."

12. Dwell has filed several other applications for the trademark DWELL in connection with related goods and services (*e.g.*, App. No. 78860224 for "organization and sponsorship of competitions in the field of modern home design," and App. No. 78860261 for arranging and financial sponsorship of "exhibitions, seminars, and conferences in the field of modern design"). Dwell's App. No. 78017817 for the trademark DWELL in connection with "entertainment services in the nature of on-going television programs in the field of home, design, architecture and construction" recently matured into a registration (Reg. No. 3016045).

13. On April 7, 2000, Design Space filed an application (App. No. 76019224) with the USPTO to register the trademark DWELL in connection with various home furnishings and household products, including bedding, pillows, napkins, placemats, runners, picture frames, glassware, and carpets. This application alleged use with regard to certain products. On July 20, 2001, however, Design Space amended its application to assert only an intent-to-use filing basis.

14. Beginning in approximately 2000, Defendants began offering home furnishings under the trademark DWELL. These home furnishings include bedding and pillows.

15. On August 14, 2000, shortly after learning about Defendants' use of the DWELL trademark, Dwell sent a cease and desist letter to Defendants. The parties' counsel proceeded to exchange letters discussing their clients' respective positions and contemplating a resolution. This correspondence lasted for several months.

16. On April 30, 2002, Ms. Hedberg Deam d/b/a Dwell filed a Notice of Opposition concerning Design Space's App. No. 76019224 on the basis of likelihood of confusion. This Notice of Opposition mentioned Reg. No. 2452089 and discussed Dwell's extensive use of the trademark DWELL.

17. Shortly following the filing of this Notice of Opposition, Dwell and Defendants again entered into settlement negotiations. The parties held a settlement conference in New York City in September 2002.

18. On September 25, 2002, Dwell filed a motion, with Design Space's consent, with the Trademark Trial and Appeal Board ("TTAB") requesting that the opposition proceeding concerning App. No. 76019224 be suspended for 120 days due to settlement negotiations. The TTAB granted this consent motion and suspended the proceeding.

19. The parties proceeded to exchange settlement proposals and counter-proposals. They came close to reaching a settlement. On March 31, 2003, after the parties had exchanged no less than seven settlement proposals, Defendants noted that "we are very close to agreement on a majority of the issues." They added: "We remain willing to come to a mutual resolution...."

20. On June 16, 2003, Dwell filed another motion with the TTAB requesting that the opposition proceeding concerning App. No. 76019224 be suspended for 120 days due to settlement negotiations. Design Space mysteriously opposed this motion, and on December 18, 2003, the TTAB denied the motion and ordered that the opposition proceeding resume.

-4-
COMPLAINT

21. In early 2004, Dwell reached the difficult conclusion that it did not then have the financial resources to litigate the opposition proceeding. It had no choice but to file a Notice of Withdrawal of its TTAB opposition. The TTAB dismissed the opposition without prejudice on April 4, 2004.

22. Dwell never lost hope of arranging a mutually acceptable settlement. The parties exchanged settlement communications as recently as December, 2005, and in 2006, Design Space's CEO indicated that she "understood" that she needs to change her company's name and trademarks to avoid confusion with Dwell.

23. Defendants have grown, and have expanded their use of DWELL-formative marks, over the past four years. On information and belief, Defendants have begun offering crib sets, pillows, and blankets under the trademark DWELLBABY, and napkins, placemats, and runners under the trademark DWELLTABLE. In February, 2007, Defendants began offering bedding and pillows under the trademark DWELLKIDS.

24. Defendants offer these and other products at their website, www.dwellshop.com.

25. Defendants did not offer any goods or services under the trademark DWELL, or any trademark including that word, as early as October 8, 1999.

26. On January 28, 2005, Design Space filed an intent-to-use application (App. No. 76629242) to register the trademark DWELLBABY in connection with various home furnishings, including cribs, changing tables, blankets, and mobiles.

27. On March 7, 2007, Dwell filed a Notice of Opposition concerning Design Space's App. No. 76629242. That opposition is currently pending.

28. Over the past two years, there have been a large number of instances of actual consumer confusion arising from Defendants' use of DWELL and DWELL-formative trademarks. Dwell has received numerous telephone calls, letters, and emails from consumers inquiring about Defendants' bedding and related products and other home furnishings.

29. In one particularly troubling example, a consumer sent an email complaining about "nothing-special Dwell-branded sheets" that were made in China. This consumer criticized Dwell for what he thought were its business practices, *e.g.*, outsourcing the manufacture of its products. He stated: "Until yesterday, I loved your magazine and its take on life and design," and concluded: "Until I receive some assurances that this was a terrible mistake, I will stay away from your magazine – and spread the word." This consumer was referring to Defendants' sheets. Dwell responded and pointed out the mistake. The consumer replied: "I hope your legal department is aware of this issue: the typeface used by that other dwell is almost identical to yours."

30. Defendants have deliberately attempted to lead consumers to believe that Dwell endorses or is affiliated with Defendants' products. For instance, at the New York Gift Show in August 2005, an individual inquired about the relationship between Defendants' sheets and Dwell. In response, Defendants' personnel falsely told the consumer that Defendants' sheets were "frequently covered by the magazine," and that the parties had a "really good relationship."

31. In March 2006, Defendants sent a press release to Dwell with a message stating: "After reviewing your editorial calendar, I think that our new collections for dwell would be a great fit for one of your upcoming story lines. Please see below and contact me if you would like to to [sic] learn more information about dwell, view professionally shot images, or need product to shoot." Thus, even Defendants themselves recognize that the parties offer complementary goods and services.

### FIRST CAUSE OF ACTION

**Trademark Infringement**

(15 USC § 1114)

32. Dwell realleges and incorporates by reference the allegations of Paragraphs 1 through 31.

33. Dwell has exclusive rights dating back to October 8, 1999, in and to the trademark DWELL in connection with "magazines in the field of modern home design" and "providing On-line magazine in the field of modern home design." These rights are reflected by Dwell's Reg. No. 2452089.

34. Defendants' use of the trademark DWELL, as well as their use of DWELL-formative trademarks, began after October 8, 1999. This use has caused, and is likely to continue to cause, consumer confusion. The parties' trademarks are identical or very similar, their goods and services are related, and there have already been numerous instances of <u>actual</u> confusion.

35. Dwell has not consented to Defendants' use of DWELL or DWELL-formative trademarks.

36. Defendants had actual or constructive knowledge of Dwell's trademark rights prior to using, or continuing to use, DWELL and DWELL-formative trademarks.

37. Defendants' use of DWELL and DWELL-formative trademarks constitutes trademark infringement in violation of 15 USC § 1114.

38. The willful and intentional nature of Defendants' trademark infringement makes this an exceptional case pursuant to 15 USC § 1117(a).

39. As a result of Defendants' trademark infringement, Dwell has suffered damages in an amount to be determined at trial.

40. As a result of Defendants' trademark infringement, Dwell has also suffered irreparable injury to its business, reputation, and goodwill. Dwell will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

## SECOND CAUSE OF ACTION

### False Designation of Origin

(15 USC § 1125(a))

41. Dwell realleges and incorporates by reference the allegations of Paragraphs 1 through 40.

42. Defendants' unauthorized use of DWELL and DWELL-formative trademarks in connection with the distribution or sale of its goods falsely suggests that these goods are connected with, sponsored by, affiliated with, or related to Dwell.

43. Defendants' unauthorized use of DWELL and DWELL-formative trademarks constitutes a false designation of origin in violation of 15 USC § 1125(a).

44. The willful and intentional nature of Defendants' false designation of origin makes this an exceptional case pursuant to 15 USC § 1117(a).

45. As a result of this false designation of origin, Dwell has suffered damages in an amount to be determined at trial.

46. As a result of this false designation of origin, Dwell has also suffered irreparable injury to its business, reputation, and goodwill. Dwell will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

### THIRD CAUSE OF ACTION

### Unfair Competition

### (Cal. Bus. & Prof. Code §17200)

47. Dwell realleges and incorporates by reference the allegations of Paragraphs 1 through 46.

48. Defendants' conduct, namely, its intentional use of Dwell's trademarks in a manner that is likely to cause consumer confusion, constitutes unfair competition under California Business and Professions Code § 17200.

49. Defendants' actions were unlawful, unfair and/or fraudulent.

50. As a result of this unfair competition, Dwell has suffered irreparable injury to its business, reputation, and goodwill. Dwell will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

### PRAYER FOR RELIEF

Wherefore, Dwell prays for relief as follows:

1. A judgment enjoining Defendants, and all of their officers, directors, employees, agents, and representatives, from (1) using the trademark DWELL, or any trademark that wholly incorporates or is confusingly similar to that trademark, including but not limited to DWELLBABY, DWELLTABLE, DWELLKIDS, and the domain names dwellshop.com and dwellbrands.com; and (2) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Defendants and Dwell;

2. A judgment ordering Defendants, pursuant to 15 USC § 1116(a), to file with this Court and serve upon Dwell within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue services under DWELL and DWELL-formative trademarks;

3. A judgment ordering Defendants, pursuant to 15 USC § 1118, to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendants' possession bearing DWELL and DWELL-formative trademarks.

4. A judgment that Defendants account for and disgorge to Dwell all of the profits realized by Defendants, or others acting in concert or participating with Defendants, resulting from Defendants' acts of trademark infringement and false designation of origin relating to Defendants' use of DWELL and DWELL-formative trademarks.

5. A judgment awarding compensatory damages, plus interest, in an amount to be determined;

6. A judgment that Dwell be awarded three times Defendants' profits from its use of DWELL and DWELL-formative trademarks, or three times Dwell's damages, whichever is greater, together with its reasonable attorneys' fees pursuant to 15 USC § 1117(a) and (b);

7. A judgment that Dwell recover the costs of this action plus interest;

8. A judgment ordering Defendants to transfer the domain names dwellshop.com and dwellbrands.com to Dwell, or in Dwell's sole discretion, canceling Defendants' registrations of said domain names; and

9. A judgment that Dwell be granted such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Dwell hereby demands trial by jury of all issues so triable.

Dated: April 30, 2007

Respectfully submitted,

HARVEY SISKIND LLP
D. PETER HARVEY
SETH I. APPEL

By: _____
      Seth I. Appel

Attorneys for Plaintiff,
DWELL, LLC

-10-
COMPLAINT

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: April 30, 2007

Respectfully submitted,

HARVEY SISKIND LLP
D. PETER HARVEY
SETH I. APPEL

By: _____
     Seth I. Appel

Attorneys for Plaintiff,
DWELL, LLC

-11-
COMPLAINT