NEIL D. GREENSTEIN (SBN 123980)
KIMBERLY D. MARKS (SBN 181005)
TECHMARK
1917 Palomar Oaks Way, #300
Carlsbad, CA 92008
Telephone: (858) 704-0515
Facsimile: (408) 280-2250
Email: ndg@techmark.com
kdm@techmark.com

Attorneys for Defendants,
Design Space, LLC and
Dwell Home Furnishings, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWELL LLC, a Delaware limited liability company,

Plaintiff,

v.

DESIGN SPACE, LLC, a New York limited liability company, DWELL HOME FURNISHINGS, LLC a New York limited liability company, and DOES 1-25,

Defendants.

Case No.: CV07-2330 SBA

ANSWER BY DESIGN SPACE, LLC AND DWELL HOME FURNISHINGS, LLC

DEMAND FOR JURY TRIAL

Defendants DESIGN SPACE, LLC ("DESIGN SPACE") and DWELL HOME FURNISHINGS, LLC ("DHF") (collectively hereinafter referred to as "Defendants"), having been served with a Complaint in Civil Action CV07-2330 -SBA by Plaintiff DWELL LLC (hereinafter "Plaintiff") hereby answers and responds to the Complaint as follows:

0. Defendants object to and move to strike the averments contained within the preamble of the Complaint as being in clear and direct violation of Federal Rule of Civil Procedure 10(b) which states, in relevant part: "All averments of claim or defense shall be made in numbered paragraphs." To the extent that the Court accepts these improperly plead averments, Defendants **deny** such averments.

1. Defendants admit that this Court has subject matter jurisdiction over plaintiffs' purported Federal claims and that supplemental jurisdiction exists over the purported state law claim, but otherwise deny the allegations of paragraph 1 of the Complaint.

2. Defendants deny the allegations of paragraph 2 of the Complaint.

3. Defendants deny the allegations of paragraph 3 of the Complaint. Moreover, even if the factual allegations of paragraph 3 of the Complaint were true, Defendants deny the accuracy of the legal conclusion of paragraph 3 of the Complaint as being directly contrary to the express intradistrict venue requirements set forth in Local Rule 3-2(c) in that this purports to be an intellectual property case.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, and therefore deny the allegations in paragraph 4

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and therefore deny the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore deny the allegations in paragraph 9.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and therefore deny the allegations in paragraph 10.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore deny the truth of the allegations in paragraph 11.

12. Plaintiff's allegations are vague, ambiguous and unintelligible. To the extent Plaintiff is admitting that it has sought to expand it product line outside of the publishing field and sought registration for goods and services which are related to Defendants' goods and services and within the natural zone of expansion of Defendants, such allegation should be treated as a judicial admission by Plaintiff that Plaintiff is attempting to expand into Defendants' product area. As to the remaining allegations and to the extent understood, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore deny the allegations in paragraph 12.

13. Defendants admit that Defendant Design Space filed an application on April 7, 2000 to register the trademark DWELL in connection with various home furnishings and household products, including bedding, pillows, napkins, placemats, runners, picture frames, glassware, and carpets. Defendants further admit that such application originally alleged use as to certain products. In response to an office action to provide further detail of the goods for which registration is desired, and in accordance with the Rules of the U.S. Patent and Trademark Office and Trademark Manual of Examining Procedure 806.03(c), Defendant Design Space then amended its application to seek registration under Section 1(b) of the Trademark Act. Defendants deny any remaining allegations in paragraph 13 of the Complaint.

14. Defendants admit that in approximately 2000, they began offering the home furnishings, including bedding and pillows – goods very different from and unrelated to plaintiff's publishing services and magazine services – under Design Space's DWELL trademark. Defendants deny any remaining allegations in paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff sent a cease and desist letter to Defendants on or around August 14, 2000, and that the parties' counsel exchanged letters for several months endeavoring to reach a non-judicial resolution. However, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and therefore denies them.

16. Defendants admit that Plaintiff filed a Notice of Opposition before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office concerning Design Space's App. No.

76019224. However, Defendants deny Plaintiff's characterization of the allegations contained in such pleading. To the extent not denied, Defendants deny any remaining allegations contained in paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in the first sentence of paragraph 19 of the Complaint. Following Defendants' March 31, 2003 communication to Plaintiff, Defendants received no further communication from Plaintiff. Defendants object to and move to strike the remaining allegations in paragraph 19 of the Complaint as being immaterial and impertinent and in violation of Federal Rule of Evidence 408. To the extent the remaining allegations are not striken, Defendants admit that Plaintiff unexpectedly broke off negotiations, and appeared to abandon its originally misguided claim against Defendants. Any allegation in paragraph 19 of the Complaint not denied above, is hereby denied.

20. Defendants admit that without engaging in any further settlement discussions, without meeting and conferring with Defendants' counsel, and without obtaining consent (as is normally required under the practice of the Trademark Trial and Appeal Board), Plaintiff filed a motion to suspend the TTAB proceedings on June 16, 2003 on the purported ground of good cause. Plaintiff's motion failed to detail any good cause and indeed, when this was pointed out to the TTAB in Design Space's opposition, Plaintiff did not even attempt to file a reply identifying any factual basis for the asserted "good cause." Design Space admits that it opposed Plaintiff's request to suspend but denies that any such opposition was "mysterious" particularly in view of Plaintiff's utter failure to continue good faith settlement negotiations, Plaintiff's failure to meet and confer with Design Space's counsel prior to filing the motion, Plaintiff's failure to obtain the consent of Design Space's counsel, and Plaintiff's failure to state any factual basis for its alleged "good cause" for the suspension of proceedings. In view of Design Space's opposition to Plaintiff's unsupported motion to suspend, the TTAB denied Plaintiff's motion and resumed proceedings. To the extent the allegations of paragraph 20 of the Complaint are not specifically admitted above, they are denied.

21. Defendants admit that Plaintiff filed a Notice of Withdrawal of its TTAB opposition and that the TTAB dismissed the opposition on April 4, 2004. Defendants further admit that Plaintiff never gave Defendants any reason for the withdrawal or for its lack of settlement communications since March 2003, and Defendants naturally concluded that Plaintiff had abandoned its failed claims against Defendants. Defendants deny Plaintiff's late-concocted story that it did not have sufficient resources to continue in the opposition, and deny that even if such late-concocted story were true such fact would not justify giving Defendants the impression that Plaintiff had abandoned its claims against Defendants. To the extent there are any remaining allegations in paragraph 21 of the Complaint, they are denied.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint. Defendants affirmatively state there there have been no settlement communications between the parties from March, 2003 through the filing of the Complaint in this action.

23. Defendants admit that, in view of Plaintiff's abandonment of its misguided claims against Defendants and the years of peaceful co-existence with different formatives of the DWELL mark on different goods and services, Defendants naturally expanded its business with closely related goods. Defendants further admit that they spent huge sums of money and expended extensive time in developing and expanding Defendant's existing business. To the extent there are additional allegations, express or implied, contained in paragraph 23 of the Complaint, such allegations are denied.

24. Defendants admit that they offer their products at www.dwellshop.com. To the extent not expressly admitted, the allegations contained in paragraph 24 of the Complaint are denied.

25. Defendants admit that neither Defendants nor Plaintiff offered home furnishings or any other goods under the DWELL trademark, or any trademark containing DWELL, as early as October 8, 1999. To the extent there are any remaining allegations in paragraph 25 of the Complaint, they are denied.

26. Defendants admit that Design Space filed an intent-to-use application to register the trademark DWELLBABY in connection with various home furnishings on January 28, 2005. Defendants further state that since the Trademark Rules of Practice provide for the filing of an

"intent to use" application when some of the goods recited in the application have been in use and some have not, Defendants deny any purported implied allegation by Plaintiff in asserting that Design Space did not have rights in the mark prior to filing.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 and therefore deny them.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants admit an independent public relations company sent Defendants' standard press release to at least 50 different publications, including plantiff. Defendants deny directly sending such a press release to Plaintiff. To the extent there are any remaining allegations in paragraph 31 of the Complaint, Defendants deny them.

**FIRST CAUSE OF ACTION**

32. In response to paragraph 32 of the Complaint, Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 and therefore deny them.

34. Defendants admit that Defendants' use of the trademark DWELL and the DWELL formative trademarks for goods different from and unrelated to Plaintiff's magazine publishing began after October 8, 1999. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. This allegation is vague and not understandable. To the extent understood, Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

**SECOND CAUSE OF ACTION**

41. In response to paragraph 41 of the Complaint, Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

**THIRD CAUSE OF ACTION**

47. In response to paragraph 47 of the Complaint, Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

**(Unclean Hands)**

51. Plaintiff's Complaint is barred under the doctrine of unclean hands.

**SECOND DEFENSE**

**(Waiver, Laches, and Estoppel)**

52. Plaintiff's Complaint is barred under the doctrines of waiver, laches, and/or estoppel. Since at least early 2000 and prior to Plaintiff's publication of its first magazine, Plaintiff knew of Defendants' use of the trademark DWELL in connection with home furnishings. In August, 2000, Plaintiff filed a Notice of Opposition to Defendants' registration of the DWELL trademark, and the parties thereafter exchanged communications endeavoring to find a mutually

acceptable resolution allowing both parties to continue use of the DWELL trademark. The final communication between the parties was a letter from Defendants to Plaintiff dated March 31, 2003 encouraging further communications. Plaintiff never responded to this communication from Defendants.

53. In April 2004, over a year after Defendants' last settlement communication with Plaintiff, Plaintiff, without explanation abandoned its claim against Design Space and dismissed its opposition to Design Space's application without prejudice. Thereafter, Design Space's application for the DWELL trademark was "allowed." Buoyed by the USPTO's allowance of Design Spaces's DWELL trademark application and by Plaintiff's acknowledgment that Defendants' use of the DWELL trademark for home furnishings was not in conflict with Plaintiff's alleged rights for its use in connection with "magazines in the field of modern home design" and the on-line version thereof, Defendants proceeded to invest considerably in their home furnishings business under the DWELL trademark. From 2003 through 2007, Defendants invested huge sums of money and devoted large quantities of time developing their DWELL home furnishings brand. This included expanding domestically and internationally, investing significant resources in the further development of Defendants' website, and other substantial efforts.

54. During this four (4) year time period of significant growth, and despite Plaintiffs' knowledge of Defendants' continued use of the DWELL trademark, Plaintiff never communicated with Defendants. Now, seven (7) years after Plaintiffs first became aware of Defendants' use of the DWELL trademark, and over three (3) years after Plaintiff's voluntary dismissal of its opposition to Defendants' registration thereof, Plaintiff's is claiming infringement. Defendants will be significantly prejudiced if Plaintiff is permitted to assert its purported rights at this late date.

**THIRD DEFENSE**

**(Extensive Third Party Use - Weak Trademark)**

55. Plaintiff's Complaint is barred because the DWELL trademark is not distinctive in the minds of consumers: it is hemmed in on all sides by similar marks on similar goods and is thus a

"weak" trademark. Because of scores of third party uses of DWELL and DWELL-derived trademarks in the United States, Plaintiff's DWELL trademark is merely one in a crowd of similar marks, and Defendants' use of its DWELL trademark in connection with home furnishings is not likely to confuse consumers vis-a-vis Plaintiff's magazine. As a member of a crowded field of suggestive DWELL-based marks, Plaintiff can not be permitted to prevent use of arguably similar marks by others in the crowd.

**FOURTH DEFENSE**

**(Misrepresenting the Source of Goods)**

56. Pursuant to Fed. R. Civ. P. 8(e)(2), Defendants hereby plead in the alternative that Plaintiff's expansion of it use of the DWELL mark to new goods and services; namely, home furnishings long after Defendants have established their rights in DWELL to home furnishings is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of said home furnishings.

**FIFTH DEFENSE**

**(Any Damage to Plaintiff Caused By Plaintiff's Own Actions)**

57. As a result of Plaintiff's improper expansion of its use of DWELL-based marks into new, distinct and different product categories; indeed, product categories that have long been the exclusive area of Defendants, any resulting confusion is a direct and proximate cause of Plaintiff's improper and unlicensed expansion.

**SIXTH DEFENSE**

**(Failure to Use Registration Notice)**

58. Plaintiff has failed to provide notice of registration in accordance with 15 U.S.C. § 1111, and as such is barred from some or all of the relief sought in the Complaint.

**SEVENTH DEFENSE**

**(Failure to State a Claim)**

59. Plaintiff's Complaint fails to state a claim for which relief can be granted.

**EIGHTH DEFENSE**

**(Statute of Limitations)**

60. Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

**NINTH DEFENSE**

**(Failure to Mitigate)**

61. To the extent Plaintiff has suffered any damage, such damage is a direct and proximate result of Plaintiff's failure to mitigate its damages.

**TENTH DEFENSE**

**(No Standing)**

62. Plaintiff lacks standing to bring the present action.

**ELEVENTH DEFENSE**

**(Acquiescence)**

63. Plaintiff has acquiesced in Defendants' use of the DWELL mark in connection with Defendants' goods and services.

**TWELFTH DEFENSE**

**(Equitable Estoppel)**

64. Plaintiff is equitably estopped from complaining of Defendants' use of the DWELL mark in connection with Defendants' goods and services.

**Defendants' Prayer for Relief**

Defendants deny that Plaintiff is entitled to any of the relief requested in its prayer and, therefore, demands: (1) judgment for Defendants and against Plaintiff on all of Plaintiff's claims;

(2) dismissal with prejudice of all of Plaintiff's claims; (3) and award of Defendants' costs and including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and (4) such other relief as the Court deems just and proper.

Dated: July 23, 2007

NEIL D. GREENSTEIN
KIMBERLY D. MARKS
TECHMARK

By: /s/

Neil D. Greenstein
Attorneys for Defendants
Design Space, LLC & Dwell Home Furnishings, LLC

**DEMAND FOR JURY TRIAL**

Defendants' hereby demand trial by jury of all issues so triable.

Dated: July 23, 2007

NEIL D. GREENSTEIN
KIMBERLY D. MARKS
TECHMARK

By: /s/

Neil D. Greenstein
Attorneys for Defendants
Design Space, LLC & Dwell Home Furnishings, LLC